IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NADIA MOHAMED,<br>    *Plaintiff,*<br><br>  v.<br><br>PROGRESSIVE ADVANCED<br>INSURANCE COMPANY,<br>    *Defendant.* | CIVIL ACTION<br>NO. 21-5174 |

**PAPPERT, J.**                     April 11, 2022

**MEMORANDUM**

  *Pro se* Plaintiff Nadia Mohamed was injured in a car accident. She sued her insurance carrier Progressive Advanced Insurance Company for bad faith, breach of contract and "contractual breach of implied covenant of good faith and fair dealing" in the Philadelphia County Court of Common Pleas. (Compl., ECF 1-1.) Progressive removed the case and moves to dismiss her claims for bad faith and breach of the duty of good faith and fair dealing. (ECF 4.) Mohamed filed an untimely opposition to the motion (ECF 14) and seeks leave to file an Amended Complaint alleging similar claims along with a claim for intentional infliction of emotional distress. (ECF 13.) The Court grants Mohamed's motion for leave to amend. As a result, Progressive's motion is denied as moot. However, because Mohamed is proceeding *in forma pauperis*, her Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii) and her bad faith, "contractual breach of implied covenant of good faith" and intentional infliction of emotional distress claims are dismissed for failure to state a claim.

I

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course" either twenty-one days after it is served or twenty-one days after service of a motion to dismiss under Rule 12(b). Progressive filed its motion to dismiss on November 30, 2021. (ECF 4.) Mohamed moved to file an Amended Complaint on January 3, 2022 (ECF 13), after the time for a "matter of course" amendment had passed, so she may amend her Complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Progressive does not oppose her motion.[1] (ECF 15.) Because Rule 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires," the Court grants Mohamed leave to proceed on her proposed Amended Complaint. Fed. R. Civ. P. 15(a)(2).

Nevertheless, because the Court of Common Pleas granted Mohamed leave to proceed *in forma pauperis*, the Court must screen her Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* ECF 1-3.) This screening obligation applies whether or not the *in forma pauperis* plaintiff is a prisoner. *See Atamian v. Burns,* 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners.").

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To satisfy Rule 12(b)(6), Mohamed's Amended Complaint must include facts sufficient to "state a

---

[1] Although Progressive does not oppose Mohamed's motion for leave to amend, it intends to move to dismiss certain counts in the Amended Complaint. (ECF 15.)

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the facts pled allow the Court "to draw the reasonable inference that [Progressive] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Mohamed is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Where her factual allegations are well-pleaded, they are presumed to be true and construed in the light most favorable to her. *Iqbal*, 556 U.S. at 679; *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Conclusory assertions of fact and legal conclusions are not. *See Iqbal*, 556 U.S. at 679. If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the Amended Complaint "has alleged – but it has not 'show[n]' – 'that [Mohamed] is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### III

In her Amended Complaint[2], Mohamed alleges an underinsured motorist negligently struck her car while she was driving in Philadelphia in June 2015. (Am. Compl., ECF 13, ¶¶ 5-6.) She had a Progressive insurance policy (#154829799) with a $50,000 maximum underinsured motorist benefit. (*Id.* ¶¶ 3, 11.) She notified Progressive of her claim for underinsured benefits and received a claim number (#15-

---

[2] The proposed Amended Complaint was uploaded to the Court's Electronic Case Filing system with its pages out of sequential order with exhibits randomly interspersed through the pleading. *See* (ECF 13 at ECF p. 8-10, and ECF 13-1 at ECF p. 46-51, and 56-64.) In addition, several of the numbered paragraphs in the Amended Complaint use the same numbers. The Court will cite paragraphs in the Amended Complaint by number, with specific reference to ECF page number when clarification is required.

4829799).  (*Id.* ¶¶ 9-10.)  Mohamed provided Progressive with requested copies of relevant medical records and "bills that totaled $4,000 . . . ."  (*Id.* ¶¶ 12, 14-17.)  She "demanded an uninsured/underinsured . . . policy limit payment."  (Am. Compl., ECF 13-1, ¶ 58.)  Progressive, however, offered to settle her claim for "$2,000 instead of a reasonable sum."  (Am. Compl., ECF 13, ¶ 17.)

Mohamed maintains Progressive "lacked a reasonable basis to offer a nominal sum of $2,000.00" to settle her underinsured motorist claim and, in her view, its offer "imports a dishonest purpose and a breach of known duty, such as good faith and fair dealings" [sic].  (Am. Compl., ECF 13-1, ¶ 27 (at ECF p. 47).)  She alleges it acted in bad faith by "avoiding" paying a reasonable amount based on the coverage available under her policy.  (*Id.* ¶ 18[3] (at ECF p. 48.))  Mohamed characterizes Progressive's settlement offers as "lowball" and alleges it did not conduct "a thorough and appropriate investigation into the nature and extent of the injuries [she] sustained in the accident" and "arbitrarily refus[ed] to accept medical evidence, documentations [sic], and hospital bills . . . ."  (*Id.* ¶ 24[4] (at ECF p. 49-50).)

Mohamed asserts Progressive's actions caused her severe emotional distress and "many sleepless nights, severe depression, lack of appetite, and loss of productivity . . . ."  (*Id.* ¶¶ 67, 73 (at ECF p. 61-62).)  She maintains its conduct "was so vile, base, contemptible, miserable, wretched and loathsome that it would be looked down upon and despised by ordinary people" and, as a result, seeks punitive damages.  (*Id.* ¶¶ 74-75 (at ECF p. 62).)

---

[3]    This is the second paragraph 18 in the Amended Complaint and it follows paragraph 38.

[4]    This is the second paragraph 24.

IV

Pennsylvania law allows a court to award interest, punitive damages and attorneys' fees if it finds an "insurer has acted in bad faith toward the insured." 42 Pa. Con. Stat. § 8371. Before Mohamed's statutory bad faith claim can proceed to discovery, she must allege facts that show: (1) Progressive did not have a reasonable basis for denying benefits under her policy; and (2) Progressive knew or recklessly disregarded its lack of a reasonable basis when it denied the claim. *Rancosky v. Washington Nat'l Ins, Co.*, 170 A.3d 364, 376-77 (Pa. 2017.) *Rancosky* requires "an objective inquiry into whether a reasonable insurer would have denied payment of the claim under the facts and circumstances presented" and "mere negligence" is not enough to establish bad faith. *Id.* at 374. Although Mohamed need not show Progressive's actions were "fraudulent," she "must ultimately show [it] breached its duty of good faith through some motive of self-interest or ill will." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (citation and internal quotation omitted). "[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 784 (Pa. Super. Ct. 2009).

Mohamed does not allege enough facts to "nudge" her bad faith claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Instead of alleging facts to show how Progressive failed to objectively and fairly evaluate her claim, she provides only "broad and conclusory statements." *Smith v. State Farm Mut. Auto Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012). She must do more than characterize its settlement offers as "lowball" to show it unreasonably valued her claim. (ECF 13-1, ¶ 24 (at ECF p. 50).

5

It is "not unusual" for there to be a disagreement between an insured and an insurance company over the value of an uninsured or underinsured motorist claim. *Smith*, 506 F. App'x at 137 (citing *Johnson*, 987 A.2d at 785).

Mohamed contends the company did not conduct "a thorough and appropriate investigation into the nature and extent of the injuries [she] sustained in the accident" and it "arbitrarily refus[ed] to accept medical evidence, documentations [sic], and hospital bills . . . ." (ECF 13-1, ¶ 24 (at ECF p. 49—50).)  But absent additional facts about her claim and the accompanying investigation, negotiations or communications between her and the insurer, the Court cannot infer Progressive's bad faith. *See, e.g.*, *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (explaining plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred"). Mohammed cannot rely on the many documents attached to her Amended Complaint to provide this information without explaining how the documents support her claim. Federal Rule of Civil Procedure 8 "'requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" *Cohen v. Wagner*, No. 13-674, 2014 WL 199909, at *5 n.5 (E.D. Pa. Jan. 16, 2014) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *see also* Fed. R. Civ. P. 8.

V

Count III of Mohamed's Amended Complaint asserts a claim for "Contractual Breach of Implied Covenant of Good Faith." (ECF 13-1 at ¶¶ 53-65.) But because "the common law duty of good faith and fair dealing is implied in every contract," Mohamed's common law bad faith claim is encompassed by her separate breach of

6

contract claim in Count II. *Pommells v. State Farm Ins.*, No. 18-5143, 2019 WL 2339992, at *6 (E.D. Pa. June 3, 2019) (citing cases). She cannot bring both. *See Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 496-97 (3d Cir. 2015) ("Under Pennsylvania law, bad faith by an insurance company can give rise to two separate causes of action: a breach of contract action for violation of an insurance contract's implied duty of good faith, and a statutory action under the terms of Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371.").

## VI

Mohamed's conclusory allegations that Progressive's conduct was "vile, base, contemptible, miserable, wretched, and loathsome" are not enough to state a claim for intentional infliction of emotional distress. (ECF 13-1, ¶ 74 (at ECF p. 62).) She has not alleged conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (citation omitted).

Examples of outrageous behavior include: a driver fatally striking plaintiff's son and, without notifying the authorities, burying the body in a field, *Papieves v. Lawrence*, 263 A.2d 118 (Pa. 1970); defendants intentionally falsifying records to implicate plaintiff in a homicide for which plaintiff later went to jail, *Banyas v. Lower Bucks Hosp.*, 437 A.2d 1236 (Pa. Super. Ct. 1986); and a doctor telling the media that plaintiff was suffering from a fatal disease when the doctor knew that information was false, *Chuy v. Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979). Guided by these examples, Progressive's alleged conduct does not begin to approach what would be

needed to state a plausible intentional infliction of emotional distress claim.

VII

Because courts should freely give leave to amend a complaint when justice so requires, Fed. R. Civ. P. 15(a)(2), Mohamed may amend her statutory bad faith claim and her intentional infliction of emotional distress claims to the extent she is able to allege facts sufficient to state a plausible claim for relief. She may not amend her claim for contractual breach of the implied covenant of good faith.

Any Second Amended Complaint must contain allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and must state its claims in appropriately "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Mohamed need only include "allegations sufficient to establish the jurisdiction of the Court" and shall not request specific dollar amounts.[5] *See* E.D. Pa. Local R. Civ. P. 5.1.1. ("[N]o pleading asserting a claim for unliquidated damages shall contain any allegation as to the specific dollar amount claimed.").

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[5] The "Prayer for Relief" in Mohamed's Amended complaint specifically seeks $158,692.71 "for past, present and future pain and suffering" and in addition to "compensatory, general and consequential damages . . . in excess of $474,574.36." (Am. Compl., ECF 13-1 at ECF p. 63-64.)